UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STEPHEN STERNER, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | NO. 2:17-CV-228 |
| AT&T | ) | |
| *Defendant.* | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Stephen Sterner has filed a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Sterner is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra.* An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities

of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990); see *Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).[1] Plaintiff has filed a complaint stating that he is "tired of AT&T Company giving me a hard time and not listening….I told them they were endangering the life's (sic) of 2 disabled people (me & my son) by there (sic) action." [Doc. 2, pg. 1]. He states that his cell phone was "useless here for 7 miles…." [Doc. 2, pg 2]. He received a letter that they intended to cut of his service "and they couldn't wait 2 days so I told them to shove it and cut [it] off and they did." He claims that his daughter had AT&T turn his service back on with a bad check. He says AT&T claims he is responsible. He denies he owes AT&T any money.

Plaintiff has failed to state a claim on which relief may be granted. He at most alleges a breach of contract claim over cell service for his cell phone. His monthly bill is approximately

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

2

$54.00 [Doc. 2, pg. 3]. He desires his cell service to be reinstated at the rate he had before, that is, before he told them to "shove it and cut it off." He alleges he wants $1,500,000 for endangering his life but he makes no effort to state how his life has been endangered by AT&T complying with his request. He claims that he wants the Court to order Defendant to follow the rules of the F.C.C. but he does not state what rules they are violating or whether he has any standing to assert a private right of action in that regard.

Accordingly, it is RECOMMENDED that the Complaint be DISMISSED under 28 U.S.C. § 1915(e) as frivolous and for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file. This Complaint lacks any arguable basis for a recovery in Federal Court. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

              Respectfully submitted,

              s/Clifton L. Corker
              UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see *United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); see also *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).